NO.: 22-1749

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

HARMON WILLIAMS                                    Plaintiff - Appellee

v.

STEPHEN GULICK                                     Defendant-Appellant

---

On Appeal from the United States District Court
Western District of Arkansas
Texarkana Division

4:20-cv-04079-SOH-BAB (Hon. Susan O. Hickey)

---

**Defendant – Appellant's Brief**

---

LESLIE RUTLEDGE
Arkansas Attorney General

By:    KATE DONOVEN
Senior Assistant Attorney General
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Phone No.: (501) 682-8114
Kate.Donoven@ArkansasAG.gov

## Summary and Oral Argument Statement

Stephen Gulick seeks a reversal of the district court's denial of qualified immunity in this interlocutory appeal. Stephen Gulick was Harmon Williams' Arkansas parole officer. Williams' Amended Complaint alleges that Gulick authorized other law enforcement officers (Defendants Oller and Brown) to conduct a search of Williams, resulting in his arrest for possession of methamphetamine. Gulick moved to dismiss Williams' 42 U.S.C. § 1983 Fourth and Fourteenth Amendment claims for money damages based on qualified immunity from suit. Established United States and Eighth Circuit precedent requires a district court to consider qualified immunity at the earliest opportunity, including whether the plaintiff has alleged a plausible violation of any constitutionally protected right on the face of the complaint. *E.g., Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534 (1991)*; Kulkay v. Roy*, 847 F.3d 637, 641 (8th Cir. 2017). After correctly finding that parolees do not enjoy Fourth Amendment protection from search, the district court nonetheless denied Gulick's 12(b)(6).

Appellant believes that a ten-minute argument would be sufficient.

i

# Table of Contents

Summary and Oral Argument Statement ....................................................i

Table of Contents .................................................................ii

Jurisdictional Statement ...........................................................1

Statement of the Issues ............................................................2

Statement of the Case .............................................................3

Summary of the Argument ...........................................................5

Argument ...........................................................................6

Standard Of Review ................................................................7

Conclusion ........................................................................13

Certificate of Service ............................................................14

Certificate of Compliance .........................................................15

ADDENDUM ..........................................................................16

# Table of Authorities

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937(2009)................. 2, 10, 16

*Clingmon v. State*, 2021 Ark. App. 107, 620 S.W.3d 184 (2021) ...... 14, 15

*Figg v. Russell*, 433 F.3d 593 (8th Cir. 2006) ........................................ 13

*Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 227 (1982)............... 2

*Hunter v. Bryant*, 502 U.S. 224, 112 S.Ct. 534 (1991)....................... 3, 10

*Kulkay v. Roy*, 847 F.3d 637(8th Cir. 2017) ....................................... 3, 11

*Mitchell v. Forsyth*, 472 U.S. 522 (1985)............................................. 1, 9

*Nelson v. Balazic*, 802 F.2d 1077, 1078 (8th Cir. 1986) ........................ 13

*Payne v. Britten*, 749 F.3d 697(8th Cir. 2014) ..................................... 8, 9

*Samson v. California*, 547 U.S. 843, 849-51 (2006)............................... 13

*Scott v. Harris*, 550 U.S. 372 (2007)........................................................ 9

*Swint v. Chambers Cnty. Comm'n,* 514 U.S. 35 (1995)............................ 8

*United States v. Rivera*, 2021 WL 1822297 (W.D. Ark. May 6, 2021)... 14,
15

*Vandevender v Sass*, 970 F.3d 572 (2020) ......................................... 9, 11

**Statutes**

28 U.S.C. § 1331 ....................................................................................... 1

Appellate Case: 22-1749     Page: 4     Date Filed: 10/19/2022 Entry ID: 5209251

Ark. Code Ann. § 16-93-106 ...................................................................12

**Rules**

Fed. R. Civ. P. 12(b)(6). .............................................................................8

Appellate Case: 22-1749    Page: 5    Date Filed: 10/19/2022 Entry ID: 5209251

# Jurisdictional Statement

The United States District Court for the Western District of Arkansas has subject matter jurisdiction over Plaintiff's 42 U.S.C. § 1983 action, wherein the Appellee alleged that Arkansas Department of Community Correction parole officer Stephen Gulick violated his Fourth and Fourteenth Amendment rights pursuant to 28 U.S.C. § 1331. The district court entered its order denying Gulick's Motion to Dismiss based on the issue of qualified immunity on April 4, 2022. (APP68; R. Doc. 44). Gulick timely filed this interlocutory appeal on April 8, 2022. (R. Doc. 45). This Court has jurisdiction pursuant to *Mitchell v. Forsyth*, 472 U.S. 522 (1985) to consider interlocutory appeals on the issue of qualified immunity.

1

## Statement of the Issues

Arkansas parolees do not enjoy Fourth Amendment protection from search. Parole officers are entitled to qualified immunity if their conduct did not violate a clearly established constitutional right. The district court erroneously denied dismissal of the Amended Complaint based on Appellant Gulick's qualified immunity from suit as a parole officer who authorized the search of parolee Appellee-Plaintiff. The district court correctly stated Appellee-Plaintiff did not enjoy Fourth Amendment protection but the court failed to take the additional step of determining whether Gulick's search authorization, standing alone as alleged on the face of the Amended Complaint, stated a cognizable 42 U.S.C. § 1983 claim.

*Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 227 (1982)

*Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937 (2009)

*Hunter v. Bryant*, 502 U.S. 224, 112 S.Ct. 534 (1991)

*Kulkay v. Roy*, 847 F.3d 637 (8th Cir. 2017)

2

# Statement of the Case

In October 2019, Appellant Gulick was Harmon Williams' parole officer. Williams alleges that his work supervisors contacted Gulick who then requested local law enforcement officers Reyn Brown and Daniel Oller to "harass" him at his place of employment by conducting a warrantless and suspicionless search of his person that resulted in his arrest for possession of a controlled substance. (APP14; R. Doc. 9, p.6) Even though Arkansas parolees are subject to search as a condition of their release, Williams Amended Complaint alleges that Gulick violated his Fourth and Fourteenth Amendment rights to be free from warrantless and suspicionless searches. Gulick moved to dismiss Williams' Amended Complaint based upon qualified immunity because parolees do not have a constitutionally protected right to be free from search and must sign a waiver of those rights as a term of their release parole. (APP32-53; R. Doc. 29, 30)

In its Order denying Gulick qualified immunity, the district stated the factual allegations were:

> Gulick caused officers Oller and Brown to conduct a warrantless search of Williams at his workplace. They found nothing illegal, but lied and claimed to have found

3

methamphetamine in his pocket. They then arrested him on the fabricated evidence, with no probable cause.

(ADD9; R. Doc. 44, p. 9.) The Court concluded that these facts, taken as true, "stated a plausible claim under section 1983" (*but did not state against whom for which violation*), and denied Gulick's qualified immunity claim. (Id.) Importantly, the district court did not find that the Amended Complaint contained any allegation that Gulick directed Oller or Brown to fabricate evidence or do anything other than physically conduct a statutorily authorized search of Williams. On the face of the Amended Complaint, Williams made no other allegations against Gulick. Without more, Williams cannot state a constitutional violation by Gulick because Williams did not enjoy Fourth Amendment protection from search. Even if the district court had then determined that such a right now existed, it could not possibly have been clearly established at the time of the incident such that Gulick, as a reasonable parole officer, would have known his conduct, expressly authorized by statute, violated the law.

4

# Summary of the Argument

The trial court erroneously denied Gulick's motion to dismiss based on qualified immunity. Gulick authorized the warrantless search of a parolee under his supervision in accordance with Arkansas law and the conditions of Williams' parole. This Court has previously held that parolees enjoy no Fourth Amendment protections in these circumstances.

A reasonable officer in Gulick's position would have believed the authorizing of a warrantless search of a parolee based on complaints of suspicious activity from the parolee's employer was lawful. Because Gulick's actions were objectively reasonable, the district court erred in denying Gulick qualified immunity.

The Complaint contains no factual allegations that Gulick knew of, directed, facilitated, or was otherwise involved in anything that occurred after the search including the alleged fabrication of evidence.

Accordingly, Gulick was entitled to a 12(b)(6) dismissal. Williams failed to plausibly state a violation of a constitutional right that was clearly established at the time of the alleged violation. For these reasons, this court should reverse.

5

# Argument

Williams' Amended Complaint alleges that on October 15, 2019, Gulick sent officers to "harass" him at the feed mill where he was employed based upon information Gulick received from Williams' employer. (APP14; R. Doc. 9, p.8, 6)[1] Hope Police Officer Daniel Oller and Detective Reyn Brown searched Williams at his job, discovered methamphetamine in his pants pocket, and arrested Williams.

Williams filed his complaint on September 15, 2020. The district court stayed Williams' claims pending the disposition of the purportedly "fabricated" drug offense based upon *Younger's* abstention doctrine but reopened it upon Williams' motion showing that the drug charge had been *nol prossed*[2]. Williams' parole was then revoked. He returned to prison and was subsequently released.

Plaintiff-Appellee alleges that Gulick authorized a search of his person by contacting local law enforcement officers (Oller and Brown) who then fabricated evidence to arrest him on possession of

---

[1] Pages of the Amended Complaint appear to be out of order and should be read 5,8,6,7 using the docket entry page numbers.

[2] *State v. Harmon Williams,* 29CR-19-355 (Hempstead Cnty Cir. Ct.)

6

methamphetamine and violation of the terms of his parole. Plaintiff does not allege that Gulick was present at the time of the arrest. Warrantless and suspicion-less searches of parolees are lawful under the Fourth and Fourteenth Amendments and authorized by Arkansas statute as a waiver and acknowledgment of those conditions is a predicate to his release. The district court's denial of Gulick's motion to dismiss based on qualified immunity was clearly erroneous because Williams did not enjoy Fourth Amendment protection from search as a parolee and the Amended Complaint, on its face, did not state a claim against Gulick even presuming that Plaintiff''s fabricated evidence allegation against Oller and Brown is true.

## Standard Of Review

Ordinarily, this court lacks jurisdiction to review denials of motions to dismiss because it is not a final decision. *Payne v. Britten*, 749 F.3d 697, 700 (8th Cir. 2014) (citing *Swint v. Chambers Cnty. Comm'n,* 514 U.S. 35 (1995)). When a denial turns on qualified immunity, however, this court has appellate jurisdiction to decide whether, as a purely legal matter, the denial was erroneous. *See, e.g., Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Jurisdiction over such interlocutory appeals is

7

appropriate because qualified immunity is an immunity from suit rather than a mere defense to liability that is effectively lost if a case is erroneously permitted to go to trial. *Vandevender v Sass*, 970 F.3d 572 (2020); *Payne v. Britten*, 749 F.3d 697, 700 (8th Cir. 2014); *Scott v. Harris*, 550 U.S. 372, 376 n. 2 (2007) (quoting *Mitchell*, 472 U.S. at 526).

The court reviews Rule 12(b)(6) dismissals *de novo*, accepts factual allegations in the operative complaint as true, and construes those allegations in the light most favorable to the plaintiff. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft, v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937 (2009); Fed. R. Civ. P. 12(b)(6). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

## I. The district court's denial of qualified immunity is erroneous because parolees do not enjoy Fourth Amendment protection from unreasonable or warrantless searches.

On *de novo* review, this court should find that Gulick is entitled to qualified immunity on the face of the Amended Complaint because Gulick's actions, as alleged in the only claim against him were objectively reasonable. *Kulkay v. Roy*, 847 F.3d 637, 642 (8th Cir. 2017). Qualified

8

immunity shields government officials when performing discretionary functions from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 227 (1982). Qualified immunity is an affirmative defense that provides immunity from suit, not a mere defense to liability. *Vandevender v Sass*, 970 F.3d 572 (2020). A defendant is entitled to qualified immunity from suit unless a plaintiff has plausibly stated a violation of clearly established constitutional rights. *Id. citing Kulkay*, 847 F.3d at 642.

Here, Williams alleged that Gulick authorized a warrantless search of his person. Gulick, as Williams' parole officer, was lawfully entitled to order such a search under federal law and Arkansas law requiring consent to warrantless searches as a condition of Williams' parole. The district court acknowledged this fact when it stated: "Plaintiff, a parolee, had no constitutional protection against being searched without a warrant." As this was Williams' only claim against Gulick, this should have ended the analysis as Williams could not overcome step one of qualified immunity analysis.

Appellate Case: 22-1749    Page: 14    Date Filed: 10/19/2022 Entry ID: 5209251

However, the Court went on to note: "Thus, as the Court understands the issue, the qualified immunity analysis likely turns on whether Defendants Oller and Brown had probable cause to arrest Plaintiff for drug possession on October 15, 2019." (ADD8; R. Doc. 44, 8-9) It then found that "Plaintiff's factual allegation, taken as true and viewed in the light most favorable to him…are that Defendant Gulick *caused* Defendants Oller and Brown to conduct a warrantless search of Plaintiff at his workplace." (emphasis added) (ADD9; R. Doc. 44, p.9). Oller and Brown "found nothing illegal" but "lied" and arrested Williams on "fabricated evidence." (ADD7; R. Doc. 44, p. 7.) "Taken as true, these allegations state a plausible claim under section 1983 of a violation of Plaintiff's constitutional rights." (Id.)

In doing so, the district court missed the last step of analysis when it failed to decide whether Williams' allegations regarding the fabricated evidence and arrest stated a plausible claim *against Gulick* under the Fourth Amendment. The Amended Complaint is absent of *any* facts suggesting Gulik instructed Oller and Brown to do anything but search Williams, including fabricating evidence and arresting him. In other words, presuming the facts alleged are true—that Gulick's action caused

10

Oller and Brown to conduct a lawful warrantless search that resulted in *Oller and Brown* independently fabricating evidence leading to Williams' arrest—Gulick's act in authorizing the lawful search could not violate Williams' Fourth Amendment rights. Any alleged violation is directly attributable to other parties.

In its simplest terms, Williams' only claim against Gulick is that Gulick authorized a warrantless search of Williams at his place of work. It is well-settled law that parolees remain in the legal custody of the Arkansas Division of Correction even when they are physically outside a prison subject to terms and conditions of parole, including warrantless searches. *E.g. Samson v. California*, 547 U.S. 843, 849-51 (2006). Gulick's authorization of the search was therefore lawful. "[T]he extent of immunity accorded an official depends solely on the official's function." *Figg v. Russell*, 433 F.3d 593 (8th Cir. 2006) (*citing Nelson v. Balazic*, 802 F.2d 1077, 1078 (8th Cir. 1986)). The Eighth Circuit has found parole officers to be entitled to either absolute or qualified immunity depending on the function at issue. *Id.* at 1078- 79 (parole officer entitled to qualified immunity because the officer's decision not to take a parolee into custody was akin to the function of a police officer). The Arkansas Supreme Court

11

has concluded that *Samson* controls and affirmed warrantless searches of parolees. *Clingmon v. State*, 2021 Ark. App. 107, 7, 620 S.W.3d 184, 188. The Western District court recently affirmed the application of *Clingmon* and *Samson* in *United States v. Rivera*, 2021 WL 1822297, at *5-6 (W.D. Ark. May 6, 2021) when it denied a motion to suppress evidence discovered in a warrantless search of a parolee. The district court below did not address why *Samson, Clingmon*, and *Rivera* are not dispositive of Williams' claim against Gulick. Moreover, the district court did not take the step of analyzing how, even if Gulick's motivation in sending Oller and Brown to conduct the search was to "harass", that bare allegation was immaterial to the objective analysis of whether Williams' Amended Complaint stated a Fourth Amendment claim against Gulick for authorizing the search.

Here, any actions Gulick took to "cause" Oller and Brown to search Williams were lawful. *Samson, Clingmon,* and *Rivera, supra;* Ark. Code Ann. § 16-93-106. As a result, no constitutional violation occurred through Gulick's action. Or, at the very least, he is protected by Qualified Immunity, because any such right to be free from a search was not clearly established at the time of the alleged violation. The district court

12

correctly concluded that no such right existed. (ADD8; R. Doc. 8.) Plaintiff's § 1983 claim fails because he had no constitutionally protected right to be free from the search. Finally, the district court's conclusion that Williams' contention that Oller and Brown found nothing illegal, lied, and arrested him on fabricated evidence, is too tenuous to state a constitutional violation against *Gulick*. The plausibility standard the district court applied was more "sheer possibility" that Gulick acted unlawfully rather than a "reasonable inference" that Gulick is liable for any misconduct alleged to have been taken by others. *Ashcroft*, 556 U.S. at 678, 129 S.Ct. 1949. For those reasons, the district court erred in denying the Appellant's motion to dismiss based on Qualified Immunity.

## Conclusion

In sum, Appellant is entitled to qualified immunity for the reasons articulated in his Motion to Dismiss and the precedent cited therein.

Respectfully submitted,


LESLIE RUTLEDGE
Attorney General


By: /s/Kate Donoven
Katherine Donoven

13

License No.: 98189
Assistant Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Kate.Donoven@Arkansasag.gov
Phone No.: (501) 682-8114
Fax: (501) 682-2591
*Attorneys for Appellant*

## Certificate of Service

I, Kate Donoven, Senior Assistant Attorney General, do hereby certify that on October 18, 2022, I electronically submitted for filing the foregoing Appellee's Brief with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/EFC system and mailed a copy to the Appellee's last known address.

Harmon Williams, ADC #101370
Grimes Unit
300 Corrections Drive
Newport, AR 72112

/s/ Kate Donoven
Katherine Donoven

14

## Certificate of Compliance

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(B) and (C), the undersigned hereby states that the applicable portions of this brief contain 2355 words in proportionally sized 14-point Century Schoolbook font. The brief was prepared in Microsoft Office Word 365. I, Kate Donoven, hereby certify that the brief and addendum have been scanned for viruses and are virus-free.


/s/ Kate Donoven
Katherine Donoven

# ADDENDUM

Order Appealed from denying qualified immunity, ADD1; R. Doc. 44

Appellate Case: 22-1749   Page: 21   Date Filed: 10/19/2022 Entry ID: 5209251