No. 22-1749

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT**

_____

HARMON WILLIAMS,

*Plaintiff-Appellee,*

v.

STEPHEN GULICK,

*Defendant-Appellant.*

On Appeal from the United States District Court
for the Western District of Arkansas
4:20-cv-04079-SOH-BAB
Hon. Susan O. Hickey

_____

**APPELLEE HARMON WILLIAMS' ANSWERING BRIEF**

_____

Samuel Weiss
RIGHTS BEHIND BARS
416 Florida Avenue NW, Unit 26152
Washington, DC 20001
202-455-4399
sam@rightsbehindbars.org

*Attorney for the Plaintiff-Appellee Harmon Williams*

## SUMMARY OF THE CASE

Harmon Williams was a parolee in Arkansas. His parole officer, Stephen Gulick, directed two officers to harass him at his workplace. The officers did, searching and arresting Williams while he was at his job, and then falsely claiming to have found drugs in his possession. Williams's parole was later revoked and he was incarcerated for six months on a parole violation.

Williams filed a federal civil rights complaint, alleging that Gulick, among others, violated his Fourth Amendment rights. Gulick moved to dismiss based on qualified immunity, arguing first that Williams, as a parolee, did not have Fourth Amendment rights, and then when that did not work, that the arrest was actually constitutional because officers claimed to find drugs. Both arguments failed.

Now, on appeal, Gulick tries another one: that Williams's allegations do not sufficiently tie him to the unconstitutional arrest. But Gulick has waived this argument. And regardless, this Court does not have jurisdiction to consider it, because it disputes the district court's interpretation of Williams's allegations, not a question of law. Interpreted as the district court did, the complaint alleges that Gulick violated clearly established constitutional law. The district court should be affirmed.

Williams requests fifteen minutes of oral argument.

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………iii

SUPPLEMENTAL JURISDICTIONAL STATEMENT…………………….....1

ISSUES PRESENTED………………………………………………………..1

STATEMENT OF THE CASE…………………………………………………..2

SUMMARY OF THE ARGUMENT……………………………………….....6

STANDARD OF REVIEW……………………………………………….....6

ARGUMENT……………………………………………………………........7

    I.    Gulick Has Waived the Only Argument He Raises on Appeal ………......7

    II.    This Court Lacks Jurisdiction Over this Appeal Because Gulick Disputes the District Court's Interpretation of the Facts of the Complaint……........9

    III.    The Fourth Amendment Violations Stated on the Face of Williams' Complaint Were Clearly Established…………………………………12

        A.  Wrongful Arrest…………………...………………………….....12

        B.  Fabricating Evidence……………………………………...……...14

CONCLUSION…………………………………………………………...16

Appellate Case: 22-1749    Page: 3    Date Filed: 01/10/2023 Entry ID: 5234209

# TABLE OF AUTHORITIES

## Cases

*Bahl v. Cnty. of Ramsey*, 695 F.3d 778 (8th Cir. 2012)..........................................1

*Baribeau v. City of Minneapolis*, 596 F.3d 465 (8th Cir. 2010) ...........................13

*Gainor v. Rogers*, 973 F.2d 1379 (8th Cir. 1992) .............................................2, 12

*Gonzalez v. Reno*, 325 F.3d 1228 (11th Cir. 2003) .............................................13

*Heck v. Humphrey*, 512 U.S. 477 (1994) ..............................................................4

*Johnson v. McCarver*, 942 F.3d 405 (8th Cir. 2019) ..........................................15

*Keating v. City of Miami*, 598 F.3d 753 (11th Cir. 2010)....................................14

*Lane v. Nading*, 927 F.3d 1018 (8th Cir. 2019) ....................................................6

*Lewis v. City of Chicago*, 914 F.3d 472 (7th Cir. 2019).......................................15

*Limone v. Condon*, 372 F.3d 39 (1st Cir. 2004) ..................................................15

*Livers v. Schenk*, 700 F.3d 340 (8th Cir. 2012)........................................2, 14, 15

*Manuel v. City of Joilet, III*, 580 U.S. 357 (2017)................................................14

*Marsh v. Phelps County*, 902 F.3d 745 (8th Cir. 2018)..............................2, 13, 15

*Northern Bottling Co., Inc. v. Pepsico, Inc.*, 5 F.4th 917 (8th Cir. 2021)...............7

*Oglesby v. Lesan*, 929 F.3d 526 (8th Cir. 2019) ...............................................1, 9

*Porter v. Wyse*, 445 Fed. App'x 892 (8th Cir. 2011) ...........................................12

*Roberts v. City of Omaha*, 723 F.3d 966 (8th Cir. 2013) .......................................1

*Samson v. California*, 547 U.S. 843 (2006) ........................................................12

*Simes v. Ark. Judicial Discipline & Disability Comm'n*, 734 F.3d 830 (8th Cir. 2013) ........................................................................................................................2

*Simmons v. Cook*, 154 F.3d 805 (8th Cir. 1998) ...................................................2

*Stanley v. Finnegan*, 899 F.3d 623 (8th Cir. 2018) ...............................................6

*Stone v. Harry*, 364 F.3d 912 (8th Cir. 2004) .......................................................7

Appellate Case: 22-1749     Page: 4     Date Filed: 01/10/2023 Entry ID: 5234209

*Thompson v. Murray*, 800 F.3d 979 (8th Cir. 2015) ......................................... 1, 11

*Torres v. City of St. Louis*, 39 F.4th 494 (8th Cir. 2022) ............................ 2, 10, 11

*United States v. Cooper*, 990 F.3d 576 (8th Cir. 2021) ............................................ 9

*Weaver v. Clarke*, 45 F.3d 1253 (8th Cir. 1995) .................................................... 7

**Other Authorities**

U.S. Const. amend. IV .................................................................................... 2

Appellate Case: 22-1749    Page: 5    Date Filed: 01/10/2023 Entry ID: 5234209

# SUPPLEMENTAL JURISDICTIONAL STATEMENT

Gulick's jurisdictional statement is incomplete. This Court has jurisdiction to consider interlocutory appeals on the issue of qualified immunity but that "interlocutory review is narrow and limited." *Roberts v. City of Omaha*, 723 F.3d 966, 972 (8th Cir. 2013). This Court is "constrained by the version of the facts that the district court assumed or likely assumed in reaching its decision." *Thompson v. Murray*, 800 F.3d 979, 983 (8th Cir. 2015). This Court only has jurisdiction over the purely legal question of whether, construing the facts just as the district did, the allegations state a claim for a clearly established constitutional violation.

# ISSUES PRESENTED

I.  Did Gulick waive his argument that the complaint alleged only that he ordered the other defendants to search, but not arrest, Williams, when he failed to raise the argument at any point to the district court?

    **Apposite Cases**

    - *Oglesby v. Lesan*, 929 F.3d 526 (8th Cir. 2019)

II. Does this Court have jurisdiction to reconsider the district court's factual assumption that Gulick ordered the officers wrongfully arrest, as well as search, Williams?

    **Apposite Cases**

    - *Thompson v. Murray*, 800 F.3d 979 (8th Cir. 2015)

1

- *Torres v. City of St. Louis*, 39 F.4th 494 (8th Cir. 2022)

III.  Did Williams state a clearly established constitutional violation when he alleged that Gulick directed officers to wrongfully arrest him?

**Apposite Constitutional Provisions**

- U.S. Const. amend. IV

**Apposite Cases**

- *Gainor v. Rogers,* 973 F.2d 1379 (8th Cir. 1992)

- *Livers v. Schenk*, 700 F.3d 340 (8th Cir. 2012)

- *Marsh v. Phelps County*, 902 F.3d 745 (8th Cir. 2018)

## STATEMENT OF THE CASE

### I.  Factual History[1]

Harmon Williams is an Arkansas resident who, in October 2019, was on parole from the Arkansas Department of Corrections. While a parolee, Williams was working a job at the Hope Tyson Feed Mill. APP11; R. Doc. 9, p. 3. His parole officer was Defendant Stephen Gulick. APP14; R. Doc. 9, p. 6.

The basic allegations underlying Williams's claim are that Defendant Gulick directed Defendants Detective Reyn Brown and Officer Daniel Oller to "come

---

[1] Because this court must "accept[] as true all factual allegations in the complaint and draw[] all reasonable inferences in favor of the nonmoving party," *Simes v. Ark. Judicial Discipline & Disability Comm'n*, 734 F.3d 830, 834 (8th Cir. 2013) (quoting *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012) (per curiam)), all ambiguities are resolved in Williams's favor.

2

harass" Williams while at work, and as a result Brown and Oller wrongfully arrested Williams and fabricated evidence against him. APP13–14; R. Doc. 9, p. 5–6. Specifically, on October 15, 2019, at approximately 8:40am, Williams's supervisors called him into the office at the Feed Mill. APP13; R. Doc. 9, p. 5. In the office, Brown and Oller falsely claimed to have "received a call stating that [Williams] was selling drugs at the Feed Mill." APP14; R. Doc. 9, p. 6. On that basis alone, the officers arrested Williams and took him to the Hempstead County Jail. *Id*. There, Gulick met with Williams and told him that Brown "claimed to have retrieved 'meth'" from Williams—meth "that [Williams] had never seen nor had." *Id*. Williams was detained at the county jail for several days, even though Gulick never obtained the "white warrant" that was legally required in order to detain him. *Id*.

Williams's detention at the county jail caused him to miss work at the Feed Mill, and so he lost his job. APP14–15; R. Doc. 9, p. 6–7. His parole was also subsequently revoked, and he served a further six months in prison on a parole violation. APP20; R. Doc. 9, p. 12. Williams was also charged with criminal possession of methamphetamine but the charge was *nolle prossed*. APP41; R. Doc. 29-2, p. 1. Brown has since been "fired" from the police force. APP20; R. Doc. 9, p. 12.

3

## II. Procedural History

On October 5, 2020, Williams, operating *pro se*, filed an amended complaint in federal court, alleging that Defendants Gulick, Brown, and Oller, as well as his supervisors at the Feed Mill, violated his constitutional rights by wrongfully arresting him in October 2019. APP13–16; R. Doc. 9, p. 5–8. He also alleged that other state officials then unconstitutionally revoked his parole. APP20; R. Doc. 9, p. 12. On January 4, 2021, the district court screened the complaint under 28 U.S.C. § 1915A. The district court dismissed the second claim as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). APP28–29; R. Doc. 13, p. 5–6. The court also dismissed the first claim against the private supervisor defendants only, as private actors cannot be sued under § 1983, but stayed the claim against Defendants Gulick, Brown, and Oller while the criminal case against Williams for possession of methamphetamine was pending in state court. *See* APP26–28; R. Doc. 13, p. 3–6 (citing *Younger v. Harris*, 401 U.S. 37, 59 (1971)). On August 13, 2021, after the state court *nolle prossed* the criminal case, Williams moved to reopen his civil case. *See* APP41; R. Doc. 29-2, p. 1. The district court granted the motion on September 22, 2021. APP30–31 R. Doc. 16, p. 1–2.

On October 29, 2021, Gulick filed a motion to dismiss, arguing, *inter alia*, that he had qualified immunity from Williams's suit because "the U.S. Supreme Court has decided that a suspicionless search of a parolee does not violate the Fourth

4

or Fourteenth Amendment." APP51; R. Doc. 30, p. 5. The magistrate judge agreed with Gulick's legal point but not with its import to his case in the Report and Recommendation ("R&R") on March 1, 2022. The R&R concluded that Williams' "claims do not stem from a warrantless search," but rather "concern his alleged detention and *arrest* without probable cause"—and that those allegations state a claim. APP58–60; R. Doc. 42, p. 5–6 (emphasis in the original). The magistrate noted, "The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court." APP61; R. Doc. 42, p. 8. Gulick filed a timely objection on one ground: that the arrest and detention of Williams was constitutional because the officers found a controlled substance on his person. APP62–63; R. Doc. 43, p. 2–3.

On March 4, 2022, the district court adopted the magistrate judge's recommendation and denied Gulick qualified immunity, holding that that Williams had alleged not only that Gulick "caused" the detectives to search him, but also to fabricate evidence and then arrest him without probable cause, and that these allegations stated a claim. APP76–77; R. Doc. 44, p 9–10. Gulick filed an interlocutory appeal challenging this decision.

5

## SUMMARY OF THE ARGUMENT

Gulick waived his opening brief's only argument by never raising it below. At no point did he argue to the district court that he was entitled to qualified immunity because the illegal actions of the arresting officers were inadequately linked to his own behavior.

Even if Gulick had not waived his only argument below, this Court lacks appellate jurisdiction to consider it. He seeks interlocutory review not of any legal question but instead of the district court's interpretation of the complaint's allegations.

Even setting aside the waiver and jurisdictional issues, affirmance would still be appropriate. Following the district court's interpretation, as this Court must, Williams has alleged that Gulick ordered an arrest without probable cause, which is clearly established as a Fourth Amendment violation.

## STANDARD OF REVIEW

This Court reviews the denial of a motion to dismiss *de novo*. *Lane v. Nading*, 927 F.3d 1018, 1022 (8th Cir. 2019). On review, this Court accepts factual allegations in the complaint "as true" and views those allegations in the light "most favorabl[e] to the plaintiff[]." *Stanley v. Finnegan*, 899 F.3d 623, 625 (8th Cir. 2018) (citation omitted). *Pro se* complaints are given "liberal construction," meaning that "if the essence of an allegation is discernible, even though it is not pleaded with legal

6

nicety, then [courts] should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). "Because qualified immunity is an affirmative defense," a defendant will prevail at the motion to dismiss stage "only when the immunity is established on the face of a complaint." *Weaver v. Clarke*, 45 F.3d 1253, 1255 (8th Cir. 1995) (citation omitted).

## ARGUMENT

### I. Gulick Has Waived the Only Argument He Raises on Appeal.

First, Gulick has waived the only argument he makes on appeal, because he failed to raise it before the magistrate judge or the district court. "It is well settled that a party's failure to raise an argument before a trial court typically waives that argument on appeal." *See Northern Bottling Co., Inc. v. Pepsico, Inc.*, 5 F.4th 917, 922 (8th Cir. 2021) (citing *Heuton v. Ford Motor Co.*, 930 F.3d 1015, 1022 (8th Cir. 2019)).

Gulick did not raise this argument below, and he is not entitled to an exception from the general rule. Gulick argues on appeal that is entitled to qualified immunity because Williams's allegations failed to tie him sufficiently to the unconstitutional conduct. Specifically, Gulick argues that even if Brown and Oller did violate the Fourth Amendment by illegally arresting and planting evidence on Williams, Gulick is not liable for that conduct, because he only asked the officers to search Williams—

7

and a search of a parolee, even an unreasonable one, does not violate the Fourth Amendment. Op. Br. 4. But Gulick did not make this argument below—not in his motion to dismiss, APP47–52; R. Doc. 30, p. 1–7; not in his reply to Williams's *pro se* opposition to that motion, R. 35; and not in his objections to the magistrate's R&R, APP62–66; R. Doc. 43, p. 2–5.

Gulick's objections to the R&R are particularly revealing. The magistrate judge agreed with Gulick that Williams had no right against a suspicionless search but held that "Plaintiff's claims concern his alleged detention and *arrest* without probable cause." APP58; R. Doc. 42, p. 5 (emphasis in original). Gulick responded on the grounds that the arrest was in fact constitutional to all defendants, as the "officers found a controlled substance in the Plaintiff's clothing" and so had probable cause. APP63–64; R. Doc. 43, p. 2–3. The district court correctly rejected this argument because it requires the court to go outside the four corners of the complaint, APP76; R. Doc. 44, p. 9, and Gulick has now abandoned that argument on appeal. Instead, for the first time he argues that Williams only alleges that Gulick asked the officers to search him, not plant drugs on him, and therefore any constitutional violation from the arrest cannot be imputed to him—an argument he waived by failing to raise it below.

Moreover, Gulick is not entitled to an exception from this general rule of waiver. This Court considers arguments raised for the first time on appeal only if the

8

party can show that "a miscarriage of justice" would otherwise result. *See Oglesby v. Lesan*, 929 F.3d 526, 534 (8th Cir. 2019). But no injustice would occur from Williams proceeding to discovery, and Gulick has not argued that any would. In other words, by not arguing that he is entitled to an exception from the general waiver rule, Gulick has waived any argument that this argument should not be waived. *See United States v. Cooper*, 990 F.3d 576, 583 (8th Cir. 2021) ("Ordinarily, a party's failure to make an argument in its opening brief results in waiver of that argument.").

## II. This Court Lacks Jurisdiction Over this Appeal Because Gulick Disputes the District Court's Interpretation of the Facts of the Complaint.

Second, this Court does not have jurisdiction over the argument that Gulick makes on appeal. This Court's "jurisdiction is limited in an interlocutory appeal from an order denying qualified immunity," with this Court "constrained by the version of the facts that the district court assumed or likely assumed in reaching its decision." *Thompson v. Murray*, 800 F.3d 979, 983 (8th Cir. 2015). Even if appellants frame their arguments as an appeal of a qualified immunity denial, this Court must independently examine whether appellants are, in fact, raising the proper, pure legal question for review: that is, whether the facts as construed by the district court state a claim for a clearly established constitutional

Appellate Case: 22-1749    Page: 14    Date Filed: 01/10/2023 Entry ID: 5234209

violation. *See id.*; *Torres v. City of St. Louis*, 39 F.4th 494, 502 (8th Cir. 2022). This Court lacks jurisdiction to reexamine the facts assumed by the district court. *Id*.

That is precisely what Gulick asks this Court to do, and so this Court lacks jurisdiction over his appeal. Gulick's opening brief repeatedly characterizes Williams's claim against him as arising solely from "Gulick authoriz[ing] a warrantless search of Williams at his place of work." Op. Br. 11; *see also* Op. Br. 2; Op. Br. 3; Op. Br. 5; Op. Br. 6; Op. Br. 9. But Williams's allegation was that Gulick "ordered" Oller and Brown "to come harass [him at his] job; which led Det. Brown and Officer Oller to violate [his] Fourth … Amendment" rights. APP13–14; R. Doc. 9, p. 5–6. Williams does not allege that Gulick authorized a warrantless search but rather that Gulick told the officers to harass him, with the exact meaning of that message unclear. The complaint contains no support for the distinction between the legal search and the illegal arrest that Gulick's Opening Brief entirely relies on.

The district court could have construed the complaint as making such a distinction—but it did not, and the district court's construction of the factual allegations constrains this Court on appeal. The magistrate judge agreed that Williams had no "right to be free of a suspicion-less search" but that Williams's "claims do not stem from a warrantless search" bur rather his "alleged detention and *arrest* without probable cause." APP58–60; R. Doc. 42, p. 5–6 (emphasis in original). After Gulick objected, the district court also described Gulick's actions as

10

"ask[ing] Defendants Brown and Oller to harass Plaintiff at his job." APP69; R. Doc. 44, p. 2. It defined the relevant constitutional right as whether "there was probable cause to arrest someone for possession of a controlled substance who had nothing illegal on his person, or that probable cause for an arrest could be created by falsely claiming the discovery of illegal contraband that was not actually found." APP74; R. Doc. 44, p. 7. Regardless of whether this Court would read the complaint in the same way as the district court, this Court lacks the jurisdiction to reexamine the factual assumptions of the district court at all. *Thompson*, 800 F.3d at 983.

Gulick also argues that that the district court failed to differentiate between Gulick and the other defendants, "miss[ing] the last step of analysis," which would have been to focus on Gulick's actions alone. Op. Br. 10. Gulick is correct that a plaintiff must allege constitutional violations against each individual defendant to survive qualified immunity against each, and this Court has partially reversed district courts on qualified immunity appeals for conflating the allegation against defendants. *See Torres*, 39 F.4th at 504. But he is incorrect that the district court made that mistake in this case. *See* Op. Br. 10. The district court could not possibly have made this error because its opinion denying Gulick's motion to dismiss considered his entitlement to qualified immunity and his alone. The only plausible reading of the district court's opinion is therefore that the court construed the

11

complaint as alleging that Gulick played a role in Williams's illegal arrest, and this Court lacks jurisdiction to reconsider that interpretation of fact.

### III. The Fourth Amendment Violations Stated on the Face of Williams' Complaint Were Clearly Established.

Finally, if Defendant Gulick did, as Williams alleged, order the officers to falsely arrest and fabricate evidence against him, then Gulick violated clearly established constitutional law and is not entitled to qualified immunity.

#### A. Wrongful arrest

First, Williams alleged an arrest without probable cause—which is a clearly established constitutional violation. Defendant is correct that parolees have no Fourth Amendment right to be free from unreasonable searches. *See Samson v. California*, 547 U.S. 843, 850–52 (2006) (holding that a parolee "did not have an expectation of privacy"). But parolees do enjoy other Fourth Amendment protections—including the protection against wrongful arrest. Courts determine whether an arrest of a parolee is constitutional according to the usual Fourth Amendment standard: that is, whether the officer had "reasonable suspicion or probable cause that an individual is engaged in criminal activity." *Gainor v. Rogers,* 973 F.2d 1379, 1387 (8th Cir. 1992); *see also Porter v. Wyse*, 445 Fed. App'x 892, 892 (8th Cir. 2011) (analyzing the constitutionality of an arrest of a parolee under the usual Fourth Amendment standard). A warrantless arrest absent probable cause is a clearly established constitutional violation. *Baribeau v. City of*

12

*Minneapolis*, 596 F.3d 465, 478 (8th Cir. 2010) (citing *Goff v. Bise,* 173 F.3d 1068, 1072 (8th Cir. 1999) ("It is clearly established that a warrantless arrest, unsupported by probable cause, violates the Fourth Amendment."). "In the wrongful arrest context, officers are entitled to qualified immunity 'if they arrest a suspect under the *mistaken belief* that they have probable cause to do so, provided that the mistake is *objectively reasonable.*'" *Id*. (quoting *Amrine v. Brooks,* 522 F.3d 823, 832 (8th Cir. 2008)) (emphasis added). Here, Williams has alleged that he was wrongfully arrested. Specifically, Williams alleges that the officers arrested him without a warrant because Gulick directed them to do so in order to "harass" him—and not because they had probable cause or even reasonable suspicion that he had done anything illegal. APP14; R. Doc. 9, p. 6. That allegation, if true, states a clearly established constitutional violation.

And Gulick is not somehow protected from liability simply because he did not arrest Williams himself. This Court has explained (in the context of constitutional liability for supervisors) that a person who "order[s] or direct[s]" an officer to engage in constitutional conduct has "direct[ly] participat[ed]" in that conduct, and so is liable. *See Marsh v. Phelps County*, 902 F.3d 745, 754 (8th Cir. 2018); *see also Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) (citing *Post v. City of Fort Lauderdale,* 7 F.3d 1552, 1561 (11th Cir. 1993)) (a supervisor is liable where "facts … support an inference that the supervisor directed the subordinates to act

13

unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so"); *Keating v. City of Miami*, 598 F.3d 753, 764, 767 (11th Cir. 2010) (explaining that superior officers "committed a violation of the [plaintiff's] rights because their commands caused the subordinate … officers" to do unconstitutional acts, and holding that "the direction of unlawful conduct and failure to stop such unlawful conduct in their supervisory capacities" creates constitutional liability). The district court, as discussed *supra*, construed Williams' complaint as alleging that Gulick ordered the officers to "harass" him, and that led the officers to wrongfully arrest him. Gulick is not entitled to qualified immunity for this conduct.

B. Fabricating evidence

Second, Williams has also alleged that officers fabricated evidence against him—also a clearly established constitutional violation. In this Court, "[i]t was clearly established by 2006 that [the Constitution] is violated by 'the manufacture of … false evidence' in order 'to falsely formulate a pretense of probable cause.'" *Livers v. Schenk*, 700 F.3d 340, 354 (8th Cir. 2012) (quoting *Moran v. Clarke,* 296 F.3d 638, 647 (8th Cir. 2002) (en banc)). For purposes of deciding qualified immunity, it does not matter that this Court previously located the right against fabricated evidence under the Fourteenth, rather than the Fourth Amendment. *See Manuel v. City of Joilet, III*, 580 U.S. 357, 918 (2017) (resolving a circuit split and holding that fabricating evidence was a Fourth rather than Fourteen Amendment

14

violation); *Johnson v. McCarver*, 942 F.3d 405, 410–11 (8th Cir. 2019) (recognizing abrogation on this issue). As other circuits have explained, "no reasonable officer could have thought [falsifying evidence] was constitutionally permissible," so it "makes no difference that our circuit caselaw situated the constitutional violation in the Due Process Clause rather than the Fourth Amendment." *Lewis v. City of Chicago*, 914 F.3d 472, 472 (7th Cir. 2019). "Any reasonable [officer] would know fabricating evidence is unacceptable." *Livers*, 700 F.3d at 356; *see also Limone v. Condon*, 372 F.3d 39, 44–45 (1st Cir. 2004).

Williams has alleged that an officer either planted or falsely reported finding methamphetamine on his person during the wrongful arrest, and did so because Gulick directed him to "harass" Williams. APP14; R. Doc. 9, p. 6. As discussed *supra*, Gulick is not immune from constitutional violation even if he did not fabricate the evidence himself. Directing or ordering officers to commit a constitutional violation is direct participation, and enough for constitutional liability. *See Marsh*, 902 F.3d at 754; *see also Livers*, 700 F.3d at 355 (considering an interlocutory appeal of a denial of qualified immunity at summary judgment, and holding that where "there was a showing that evidence was fabricated" against plaintiffs, then "[t]he extent of [defendants'] knowledge of, or complicity in, that act is a question of fact for the jury") (internal quotations and citations omitted). The complaint, constructed

15

as the district court did, alleges that Gulick's order to harass Williams led to the officers fabricating evidence against him.

Those allegations are enough to state a clearly established constitutional violation, and Gulick is not entitled to qualified immunity on those grounds.

## CONCLUSION

This Court should affirm the district court's order denying Defendant qualified immunity and remand for further proceedings.

*/s/ Samuel Weiss*
Samuel Weiss
Rights Behind Bars
416 Florida Avenue NW, #26152
Washington, DC 20001

*Attorney for Appellee Harmon Williams*

16

## CERTIFICATE OF SERVICE

I hereby certify that on the date of filing a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

Date: January 9, 2023

*/s/ Samuel Weiss*
Samuel Weiss

**CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify that:

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 3,643 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word with a Times New Roman 14-point font. This brief has been scanned for viruses.

Date: January 9, 2023

*/s/ Samuel Weiss*
Samuel Weiss