No. 22-1749

---

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

---

HARMON WILLIAMS,
Plaintiff-Appellee,

v.

STEPHEN GULICK
Defendant-Appellant.

---

On Appeal from the United States District Court for the
Western District of Arkansas
No. 4:20-cv-04079-SOH-BAB (Hon. Susan O. Hickey)

---

**APPELLANT'S REPLY BRIEF**

---

TIM GRIFFIN
  Arkansas Attorney General

ANDRÉS F. RHODES
  Assistant Attorney General

OFFICE OF THE ARKANSAS
ATTORNEY GENERAL
323 Center St., Suite 200
Little Rock, AR 72201
(501) 682-1080
ANDRES.RHODES@ARKANSASAG.GOV

# TABLE OF CONTENTS

Table of Contents ...................................................................................... i

Table of Authorities .................................................................................. ii

Argument.................................................................................................1

    I.   Appellee misstates Appellant's argument on appeal. Appellant
        seeks review of the lower court's denial to extend qualified
        immunity when it was warranted..................................................1

        A.  Appellant's arguments before this Court were raised to the
            court below. ....................................................................1

        B.  Williams' Complaint attributes alleged constitutional
            violations to the individuals involved in the arrest, and
            "they" do not include Appellant. ......................................4

        C.  Even if this Court finds the issue was not raised below, this
            Court should consider it to prevent a miscarriage of justice....7

    II.  This Court has jurisdiction to hear this interlocutory appeal. .........9

Conclusion ............................................................................................10

Certificate of Compliance.......................................................................11

Certificate of Service .............................................................................12

i

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2000)............................................................................ ii, 4,7

*Barnhart v. Thomas*,
  540 U.S. 20 (2003)............................................................................. ii, 5

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)........................................................................... ii, 4

*Blomker v. Jewell*,
  831 F.3d 1051 (8th Cir. 2016) ............................................................ ii, 4

*Cole v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am.*,,
  533 F.3d 932 (8th Cir. 2008) .............................................................. ii, 7

*Clingmon v. State*,
  620 S.W.3d 184 (2021)....................................................................... ii, 8

*Facebook, Inc. v. Duguid*,
  141 S. Ct. 1163 (2021)........................................................................ ii, 5

*Hunter v. Bryant*,
  502 U.S. 224 (1991)............................................................................ ii, 9

*Lockhart v. United States*,
  577 U.S. 347 (2016)............................................................................ ii, 6

*Matthews v. Riverwood Int'l Corp.*,
  37 F.3d 1502 (8th Cir. 1994) .............................................................. ii, 7

*Mitchell v. Forsyth*,
  472 U.S. 511 (1985)............................................................................ ii, 9

*Payne v. Britten*,
  749 F.3d 697 (8th Cir. 2014) .............................................................. ii, 9

*Romer v. Carlucci*,
  847 F.2d 445 (8th Cir. 1988) .............................................................. ii, 7

*Samson v. California*,
  547 U.S. 843 (2006)............................................................................ ii, 8

Appellate Case: 22-1749    Page: 3    Date Filed: 02/16/2023 Entry ID: 5246739

*Scott v. Harris*,
  550 U.S. 372 (2007)......................................................................... iii, 9

*Sims's Lessee v. Irvine*,
  3 U.S. (3 Dall.) 425 (1799) ............................................................ iii, 5

*United States v. Rivera*,
  2021 WL 1822297 (W.D. Ark. May 6, 2021) ................................ iii, 8

*Vandevender v Sass*,
  970 F.3d 572 (2020)......................................................................... iii, 9

## Constitutional Provisions, Statutes, and Rules

Arkansas Code Annotated § 16-93-106............................................. iii, 7, 8

## Other Authorities

*Fowler's Modern English Usage* (3d ed. 1996) ................................ iii,6

*Reading Law: The Interpretation of Legal Texts* (1st ed. 2012) ....... iii,5,6

Appellate Case: 22-1749    Page: 4    Date Filed: 02/16/2023 Entry ID: 5246739

# ARGUMENT

**I.      Appellee misstates Appellant's argument on appeal. Appellant seeks review of the lower court's denial to extend qualified immunity when it was warranted.**

      A.      <u>Appellant's arguments before this Court were raised to the court below.</u>

Appellee argues Appellant's sole argument on appeal was not raised below. That is not the case. Appellant raised the following issue on appeal: the district court erred when it denied Appellant qualified immunity due to Williams not being entitled to Fourth Amendment protections. Appellant's Br. 9. Appellant has consistently made this argument at every level. It is ripe for review.

Williams has stated in his brief that "Gulick argues on appeal that [he] is entitled to qualified immunity[,] because Williams' allegations failed to tie him sufficiently to the unconstitutional conduct." Appellee's Br. 7. In his principal brief, Appellant argued "[t]he Complaint contains no factual allegations that Gulick knew of, directed, facilitated, or was otherwise involved in anything that occurred after the search including the alleged fabrication of evidence." Appellant's Br. at 5. While Williams contends this argument has been raised for the first time on appeal, there are examples of the argument being raised below.

In his Brief in Support to his Motion to Dismiss, Appellant stated in relevant part "[t]he Eighth Circuit has found parole officers to be entitled to either absolute or qualified immunity depending on the function at issue." (App. 51 R. Doc 30 at 5).

1

The function is dependent on the conduct alleged, and here, Appellant's call to the Hope Police Department at the request of Williams' employer is what Williams pled in his Complaint. The question logically turns on whether that conduct was sufficiently tied to the arrest Williams argues is unconstitutional.

Likewise, in his Objections to the Magistrate's Proposed Findings and Recommendations, Appellant further expanded on that point by stating in relevant part, "the arrest upon which Plaintiff's section 1983 action relies occurred *after* the warrantless parolee search which the Magistrate agrees was conducted in accordance with the law." (App. 62 R. Doc 43 at 1). If the search was conducted in accordance with the law, and the only conduct tying Appellant to Williams occurred prior to the arrest, then Appellant shouldn't be held liable for the alleged conduct of others.

Appellant has further argued "the Magistrate Judge does not explain how the Plaintiff's bare allegation that Gulick's motive in sending Defendants Oller and Brown was to 'harass' him, even if true, is material to the objective qualified immunity analysis." (App. 66 R. Doc 43 at 5). Appellant's primary argument is, and has always been, that he is entitled to qualified immunity because Williams, as a parolee, did not enjoy 4th amendment protections against warrantless searches. Appellant has raised this argument at every level and it is clear Williams failed to tie Appellant to the arrest in his Complaint.

2

Ultimately, Williams seeks to attribute third party conduct to the Appellant even though the Appellant did not personally conduct a search, arrest Appellee, or imprison him. Appellant has argued, both to this Court and the court below, that to the extent Williams has pled a constitutional violation against him, it's on his conduct when calling local law enforcement to allegedly "harass" Williams. (App. 14 R. Doc 9 at 6).

In the Complaint, Williams did not plead Appellant ordered the police department to arrest him or plant methamphetamines on his person. In addition, Williams' subsequent reference to Appellant came in the following statement "After to making it to the Hempstead County Jail, where we met up with my parole officer Stephen Gulick, who informed me that Det. Reyn Brown, claimed to have retrieved 'meth' from me that I've never seen nor had." [sic]. (App. 14 R. Doc 9 at 6). Here, Williams unequivocally attributes the conduct of the search to Detective Reyn Brown, not Appellant.

To the extent he pled his arrest was wrongful or that methamphetamines were planted, those actions would be attributable to the actors that carried out the arrest. To argue Williams failed to meet his pleading standard as to Appellee does not raise a new argument on appeal or even a factual dispute, but rather raises the fact Williams did not plead a constitutional violation by the Appellant. Consequently, this

3

Court should reverse the court below and dismiss Williams' claims against Appellant.

> B. <u>Williams' Complaint attributes alleged constitutional violations to the individuals involved in the arrest, and "they" do not include Appellant.</u>

The district court erred when it found that Williams adequately pled his claims against Appellant. "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678(2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570(2007). A claim is facially plausible "where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Blomker v. Jewell*, 831 F.3d 1051, 1055 (8th Cir. 2016) (quotation omitted). "The plausibility standard ... asks for more than a sheer possibility that a defendant has acted unlawfully," or "more than a mere possibility of misconduct." *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. 1937. Here, Williams' only allegation against Appellant is that he allegedly ordered Detective Reyn Brown and Officer Daniel Oller to "harass" Williams at his place of employment. (App. 14 R. Doc 9 at 6). Williams did not specify what "harass" entailed in his pleadings. However, he seeks to impute subsequent alleged wrongdoing by third parties at the time of the arrest.

4

Williams' Complaint reads in relevant part "Stephen Gulick, order to come harass me on my job; which led Det. Reyn Brown and Officer Daniel Oller to violate my 4th, 5th, 8th and 14th Amendments." [sic] (App. 14 R. Doc 9 at 6). Williams further pled "[t]hey first detain me off false accusations claiming they received a call stating I was selling drugs from the feed mill." [sic] *Id.* Williams also stated, "[t]hey arrest me off a false investigation, no probable cause was established nor was there any proof to support their allegations." [sic] *Id.* He further alleged, "[t]hey false imprison me with off the false reports and falsified documents." [sic]. *Id.*

Williams consistently uses the pronoun "they" to attribute conduct in his Complaint. Admittedly, Williams' Complaint is neither a statute nor a contract, but canons of construction can aid the reader determine which subject the pronoun "they" could reasonably be understood to refer to. The last antecedent canon provides in relevant part that "a pronoun, relative pronoun, or demonstrative adjective generally refers to the *nearest reasonable antecedent*."[1] Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 144 (1st ed. 2012)(emphasis added); see also *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1170 (2021); *Barnhart*

---

[1] This canon was used as early as 1799 in *Sims's Lessee v. Irvine*, where the court argued "the rule is, that 'such' applies to the last antecedent unless the sense of the passage requires a different construction." *Sims's Lessee v. Irvine*, 3 U.S. (3 Dall.) 425, 444 n* (1799)(per Ellsworth, C.J.)

5

*v. Thomas*, 540 U.S. 20, 26 (2003); *Lockhart v. United States*, 577 U.S. 347, 351 (2016).

The last antecedent canon "is the legal expression of a commonsense principle of grammar." Scalia, *supra*, at 144. According to this canon, anaphoric pronouns "should be placed as near as the construction allows to the noun to which it refers, and in such a manner that there is no risk of ambiguity." *Id*. (citing Robert W Burchfield, *Fowler's Modern English Usage* (3d ed. 1996).

Prior to using the pronoun, Williams' last sentence read in relevant part: "Stephen Gulick, order to come harass me on my job; which led *Det. Reyn Brown* and *Officer Daniel Oller* to violate my 4th, 5th, 8th and 14th Amendments." (App. 14 R. Doc 9 at 6). The nearest reasonable antecedents to the pronoun "they" are Detective Reyn Brown and Officer Daniel Oller. To preserve that context, "they" must refer to the officers that carried out the arrest. Context and meaning can be drawn from the Complaint.

Williams did not plead Appellant was present while he was detained prior to the arrest, nor that he took any particular action against him at the time of his arrest. To further support this interpretation, Williams also stated in his Complaint that Daniel Hampton, his work supervisor, "commanded me to work to await for Det Reyn Brown and Office Daniel Oller." [sic]. (App. 16 R. Doc 9 at 8). By Williams

6

own allegations, he waited for officers Brown and Oller prior to his arrest, not Appellant. This indicium of meaning must result in the alleged conduct being attributed to the parties described, not Appellant. The Complaint falls woefully short of the pleading requirements for a cause of action pursuant to *Twombly* and *Iqbal*. Therefore, this Court should reverse the district court's order denying Appellant's motion to dismiss and dismiss this lawsuit in its entirety.

      C.    <u>Even if this Court finds the issue was not raised below, this Court should consider it to prevent a miscarriage of justice.</u>

Appellant did not fail to raise these matters to the district court. However, in the alternative, Courts recognize they "may notice plain error despite a failure to raise the issue below, 'but we generally do so only to prevent a miscarriage of justice.'" *Cole v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am.*, 533 F.3d 932, 936 (8th Cir. 2008) (citing *Matthews v. Riverwood Int'l Corp.,* 37 F.3d 1502 (8th Cir. 1994)). *See also Romer v. Carlucci*, 847 F.2d 445, 461 (8th Cir. 1988) (holding that purely legal issues of statutory interpretation are justiciable and, indeed, "part of the duty of a federal court to adjudicate").

As a parolee, Williams did not enjoy a constitutionally protected right to be free of a suspicion-less search. Arkansas Code Annotated §16-93-106 requires a parolee to sign a waiver to warrantless searches prior to release on parole. In addition, as part of this waiver, a parolee understands a warrantless search based on this waiver "does not need to be based on an articulable suspicion that the person is

7

committing or has committed a criminal offense." Ark. Code Ann. § 16-93-106(a)(2).

The lower court rightly found Williams did not enjoy a Fourth Amendment right to be free from the search that led to his arrest pursuant to Ark. Code Ann. § 16-93-106.[2] (App. 63 R. Doc 43 at 2). Nonetheless, the Court argued Williams' claims concerned his alleged detention and arrest that followed the warrantless search. (App. 58. R. Doc 42 at 5). This is the very conduct that is attributable to the officers, not Appellant.

In addition, Williams did not plead Appellant played a part in his detention and arrest, only that he contacted local law enforcement to conduct a search. Any actions Appellant took to "cause" Oller and Brown to search Williams were lawful. As a result of Williams' failure to plead Appellant participated in the arrest, or that he was even present at the time of the arrest, his claims against Appellant fall short.

Ultimately, the Magistrate, and the district court by adopting the Magistrate's Report and Recommendations, erroneously concluded Appellant was responsible for Williams' "cognizable claim for unlawful arrest and that the law at the time was clearly established, protecting Plaintiff from being unlawfully arrested." (App. 72 R.

---

[2] Citing to *Samson v. California*, 547 U.S. 843, 849-51 (2006). The Arkansas Supreme Court has also affirmed warrantless searches on parolees. See *Clingmon v. State*, 2021 Ark. App. 107, 7, 620 S.W.3d 184, 188 (2021). The Western District of Arkansas has also recognized this practice. See *United States v. Rivera*, 2021 WL 1822297, at *5-6 (W.D. Ark. May 6, 2021)

8

Doc 44 at 5). The conduct that may have occurred during the arrest, to the extent that it did, should not be attributed to someone that was not present in Williams' arrest. To do so would be a miscarriage of justice.

## II. This Court has jurisdiction to hear this interlocutory appeal.

A court's denial of a motion to dismiss, when a denial turns on qualified immunity, is reviewable on appeal to decide whether, as a purely legal matter, the denial was erroneous. *See, e.g., Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Moreover, because "[t]he entitlement is an *immunity from suit* rather than a mere defense to liability, [the United States Supreme Court has] repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (citing *Mitchell*, 472 U.S. at 526).

Jurisdiction over this interlocutory appeal is appropriate since qualified immunity is an immunity from suit as opposed to a mere defense to liability that is effectively lost if a case is erroneously permitted to go to trial. *Vandevender v Sass*, 970 F.3d 572 (2020); *Payne v. Britten*, 749 F.3d 697, 700 (8th Cir. 2014) *Scott v. Harris*, 550 U.S. 372, 376 n. 2 (2007) (quoting *Mitchell*, 472 U.S. at 526). This court has jurisdiction to hear this appeal and Appellant respectfully requests this Court reverse the court below and grant him qualified immunity in this case.

9

## CONCLUSION

Appellant is entitled to qualified immunity in the instant case. To the extent Williams may had pled wrongful arrest or fabrication of evidence claims, Williams failed to sufficiently tie him to that conduct. For these reasons, Appellant respectfully asks this Court to reverse the district court's order and remand with instructions to dismiss Harmon's Complaint.

Respectfully submitted,

TIM GRIFFIN
  Arkansas Attorney General

ANDRÉS F. RHODES
  Assistant Attorney General

OFFICE OF THE ARKANSAS
ATTORNEY GENERAL
323 Center St., Suite 200
Little Rock, AR 72201
(501) 682-1080
ANDRES.RHODES@ARKANSASAG.GOV

10

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 2,390 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I also certify that this brief complies with the requirements of Fed. R. App. P. 32(a)(5)-(6) because it has been prepared in 14-point Times New Roman font, using Microsoft Word.

I further certify that this PDF file was scanned for viruses, and no viruses were found on the file.

/s/ *Andrés F. Rhodes*
Andrés F. Rhodes

Appellate Case: 22-1749    Page: 15    Date Filed: 02/16/2023 Entry ID: 5246739

# CERTIFICATE OF SERVICE

I certify that on February 15, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to any CM/ECF participants.

/s/ *Andrés F. Rhodes*

Andrés F. Rhodes

Appellate Case: 22-1749     Page: 16     Date Filed: 02/16/2023 Entry ID: 5246739